UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHIREEN TAVAKOLI,               §
                                §
        *Plaintiff*,            §
                                §
    v.                          §
                                §   Civil Action No. 3:24-cv-0195-x
WALMART STORES INC., et al.,    §
                                §
        *Defendants*.           §
                                §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Walmart Stores, Inc., Walmart Stores Texas, LLC, Walmart Stores Texas, LP, and Walmart Real Estate Business Trust's (collectively, "Walmart") motion for judgment on the pleadings. (Doc. 9). Having reviewed the motion, the applicable law, and Plaintiff Shireen Tavakoli's complaint, the Court **GRANTS IN PART** the motion. (Doc. 9). The Court grants judgment on the pleadings only as to Tavakoli's claim under 42 U.S.C. § 1983. The remainder of Tavakoli's claims are dismissed without prejudice, and the Court grants Tavakoli leave to replead these claims within 28 days.

Because the Court dismisses Tavakoli's claims and gives her the opportunity to replead, the Court **GRANTS IN PART** Walmart's motion to stay and motion for protective order (Doc. 16) and **DENIES** Tavakoli's motions to compel, motion for sanctions, and motion for attorney's fees (Docs. 17, 18). The Court will order the parties to hold a Rule 26(f) conference and issue a scheduling order after Tavakoli files her amended complaint. Until then, the Court stays discovery in this action.

1

## I. Background

This is an alleged discrimination and assault case.  On March 15, 2023, around 10:52 p.m., Tavakoli, a Middle Eastern woman, entered a Walmart store in Dallas to purchase diapers.  This particular store was scheduled to close at 11:00 p.m., so Tavakoli needed a manager's approval to enter the store when she arrived. Management authorized Tavakoli and a few other customers to enter the store at this time.

After picking up the diapers, Tavakoli headed to the register to pay for them, but a Walmart employee told her she could not pay for the items and instructed her to leave the store immediately.  Tavakoli noticed that other customers were allowed to pay for their purchases at this time, including a white male, and she pointed this out to the Walmart employee.  But the employee continued to tell Tavakoli that the register was closed and became increasingly hostile to Tavakoli, including cursing at her, so Tavakoli demanded to speak with a manager.  The employee pushed Tavakoli and continued to use profanities.

The employee's supervisor witnessed this incident and failed to stop it. Management also took no action and refused to allow Tavakoli to file a written report. Following the incident, Tavakoli contacted Walmart's ethics department three times, but Walmart took no action to address Tavakoli's grievances.

Tavakoli filed this lawsuit alleging claims for negligence, gross negligence, assault and battery, negligent hiring, training, supervision, and retention, and racial

2

discrimination under 42 U.S.C. § 1983.   Walmart filed the present motion for judgment on the pleadings.   The motion is ripe for this Court's consideration.

## II. Legal Standards

### A.  Rules 12(b)(6) and 12(c)

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[1]  The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[2]  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[3]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4]  A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[5]

For purposes of a motion to dismiss, courts must accept all well-pled facts as true and construe the complaint in the light most favorable to the plaintiff.[6]  "In other words, a motion to dismiss an action for failure to state a claim admits the facts

---

[1] Fed. R. Civ. P. 8(a)(2).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[4] *Iqbal*, 556 U.S. at 678 (cleaned up).

[5] *Id.*

[6] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[7]

### III. Analysis

Walmart moves for judgment on each of Tavakoli's claims for assault and battery, negligence, negligent hiring, training, supervision, and retention, gross negligence, and racial discrimination.  The Court addresses each in turn.

### A.  42 U.S.C. § 1983

The first question is whether Tavakoli can bring this Section 1983 claim against Walmart.  To state a claim under Section 1983, a plaintiff must allege that a person who deprived her of a federal right was acting under color of law.[8]  Section 1983 is generally not implicated by private conduct.[9]  Here, Tavakoli alleges that Walmart, a private company, discriminated against her because of her race.  In her response, Tavakoli contends that Walmart was acting under color of law because the employee used force against her, which is a function exclusively reserved for the state. But that argument is too attenuated and not legally cognizable.[10]  The Walmart employee who allegedly assaulted Tavakoli was not acting under color of law.[11]

---

[7] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

[8] 42 U.S.C. § 1983; *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37(1982).

[9] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

[10] Though it is perhaps no more attenuated than the notion that growing wheat in your own backyard for your own personal consumption substantially affects interstate commerce.

[11] *See Meade v. Dillard Dep't Stores*, 275 F.3d 43 (5th Cir. 2001) (affirming the district court's dismissal of plaintiff's Section 1983 claims because Dillard's security guard was not acting under the color of state law).

Therefore, the Court grants Walmart's motion for judgment as to Tavakoli's Section 1983 claim.

## B. Assault and Battery

The second question is whether Tavakoli plausibly alleged a claim for assault and battery against Walmart.  The Court concludes that Tavakoli failed to allege enough facts to support these claims.

Because Walmart is an entity, Tavakoli cannot seek to hold Walmart directly liable for assault and battery.[12]  Instead, Tavakoli must proceed against Walmart under a vicarious liability theory for the actions of its employee.[13]  An employer is only vicariously liable for its employee's tort when the employee acts within the scope of his employment.[14]  "[I]f an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation."[15]

Here, Tavakoli contends that the employees were attempting to close down the store, which was within the scope of their employment, when the employee allegedly assaulted Tavakoli and therefore, the employee acted within the scope of her employment.  But that is too attenuated.  Generally, intentional torts, such as assault, are not within the scope of employment unless the employee is specifically

---

[12] *See Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 421 (Tex. App.—Dallas 2007, pet. denied).

[13] *Id.*

[14] *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).

[15] *Id.*

authorized to use force in furtherance of the employer's business.[16]  Tavakoli did not plead any facts from which the Court can infer that the employee's job responsibilities included discretion to assault a customer.  Therefore, the Court dismisses without prejudice Tavakoli's claims for assault and battery and grants Tavakoli leave to replead these claims within 28 days.

### C. Negligent Hiring, Training, Supervision, and Retention

The third question is whether Tavakoli plausibly alleged claims for negligent hiring, training, supervision, and retention.  The Court concludes that Tavakoli failed to allege enough facts to support these claims.

"Negligent hiring, training, supervision, and retention claims are simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability."[17]  The elements of these claims are a duty, breach of that duty, and damages proximately caused by the breach.[18]  Regarding Tavakoli's negligent hiring and retention claims, employers have a duty to hire competent employees.[19]  A plaintiff can plausibly allege claims for negligent hiring and retention by establishing that an employer breached that duty because the employer knew, or by the exercise of reasonable care should have known, that an employee was incompetent or unfit, thereby creating an unreasonable risk of harm to others.[20]  Here, Tavakoli failed to

---

[16] *Tex. & P. Ry. Co. v. Hagenloh*, 151 Tex. 191, 197 (1952).

[17] *Hernandez v. Ventura Sys LLC*, No. 3:23-CV-2244-D, 2024 WL 583500, at *3 (N.D. Tex. Feb. 13, 2024) (Fitzwater, J.).

[18] *Id.*

[19] *Id.* at *4.

[20] *Id.* at *4, *6.

plead that the Walmart employee was incompetent or unfit or that Walmart knew or should have known that the employee was incompetent or unfit.

Likewise, to plausibly plead a negligent training or supervision claim, "a plaintiff must plead sufficient facts for the court to draw the reasonable inference that a reasonably prudent employer would have provided training [or supervision] beyond that which was given, and that this failure to do so proximately caused [the plaintiff's] injuries."[21]  Here, Tavakoli failed to plead sufficient facts regarding what training and supervision should have been provided but was not and how that failure caused her injuries.

For these reasons, the Court dismisses without prejudice Tavakoli's claims for negligent hiring, training, supervision, and retention and grants Tavakoli leave to replead these claims within 28 days.

### D. Simple and Gross Negligence

The final question is whether Tavakoli plausibly alleged her claims for simple and gross negligence against Walmart.  She claims that Walmart had a duty to provide a safe shopping environment for its customers and breached this duty by failing to prevent, mitigate, and properly address the employee's conduct that injured Tavakoli.  The elements of a negligence cause of action are duty, breach of the duty, and damages proximately caused by the breach.[22]  "To avoid breach, a property owner

---

[21] *Id.* at *5.

[22] *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).

must do what a person of ordinary prudence in the same or similar circumstances would have done with regards to an invitee on the property."[23]

Here, Tavakoli did not allege that Walmart failed to do what a reasonably prudent property owner would have done in the same or similar circumstances. Plus, Tavakoli did not sufficiently plead that Walmart instructed or authorized its employee to assault its customers or that such actions were related to the scope of the employment, as explained above.[24]

Furthermore, to recover for gross negligence, "a plaintiff must satisfy the elements of an ordinary negligence claim and also prove by clear and convincing evidence that the defendant acted with gross negligence."[25] As explained above, Tavakoli did not plausibly allege a claim for negligence, and therefore, "[t]his failure necessarily means that [she] ha[s] failed to plead a plausible gross negligence claim."[26] Therefore, the Court dismisses without prejudice Tavakoli's claims for simple and gross negligence and grants Tavakoli leave to replead these claims within 28 days.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** Walmart's motion. (Doc. 9). Tavakoli may replead only her claims for assault and battery, negligence,

---

[23] *Campbell v. Racetrac Petroleum, Inc.*, No. 3:21-CV-0516-B, 2021 WL 4552253, at *10 (N.D. Tex. Oct. 5, 2021) (Boyle, J.).

[24] *See id.*

[25] *Hernandez*, 2024 WL 583500, at *6.

[26] *Id.* at *7.

negligent hiring, training, supervision, retention, and gross negligence within 28 days of entry of this order.

     **IT IS SO ORDERED** this 24th day of June, 2024.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE