UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIREEN TAVAKOLI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0195-X |
| | § | |
| WALMART STORES, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Walmart Stores, Inc., Walmart Stores Texas, LLC, Walmart Stores Texas, LP, and Walmart Real Estate Business Trust's (collectively, "Walmart") motion for judgment on the pleadings. (Doc. 34). After reviewing the briefing and the relevant caselaw, the Court **GRANTS IN PART AND DENIES IN PART** Walmart's motion for judgment on the pleadings and **DISMISSES WITH PREJUDICE** Tavakoli's negligent training and supervision and simple negligence claims against Walmart. The remainder of her claims remain pending.

### I. Factual Background

Shireen Tavakoli entered a Walmart superstore on March 15, 2023 at 10:52 PM. The store was set to close at 11:00 PM, but Defendant Labyron Alexander, the store manager, let her in to shop as she needed to purchase diapers for her sick father. Once she approached the register, Defendant Misty Miller stopped Tavakoli, told her she could not purchase the diapers and to leave the store. Tavakoli told Miller that

1

Alexander let her into the store to shop and noted that other shoppers were checking out at the same time Tavakoli was at the register.

According to the complaint, Miller called Tavakoli a "bitch" and "made unwanted physical contact" with Tavakoli.[1] Tavakoli then asked to speak with the manager. Then, instead of seeking the manager immediately, Miller pushed Tavakoli and once again called Tavakoli a "bitch" in front of the group of people. Alexander then informed Tavakoli that "her only option was to report the incident to Walmart's Ethics Department."[2] Tavakoli did so three times. When she eventually heard back from Walmart, they informed her that they did not have video of the incident.

The Court previously granted in part Walmart's prior motion for judgment on the pleadings and provided Tavakoli time to amend her complaint.[3] She has done so and brings four "causes of action." Those are: (1) vicarious liability; (2) negligence; (3) assault; and (4) negligent hiring, supervision, training, and retention.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[1] Doc. 29 at 9.

[2] Doc. 29 at 12.

[3] Doc. 27.

[4] Fed. R. Civ. P. 8(a)(2).

suffice."[5] "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[6] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

For purposes of a motion to dismiss, courts must accept all well-pled facts as true and construe the complaint in the light most favorable to the plaintiff.[9] "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[10]

### III. Analysis

Walmart moves for judgment on the pleadings as to all of Tavakoli's claims against the Walmart entities: (1) vicarious liability; (2) negligence; (3) assault; and (4) negligent hiring, supervision, training, and retention.

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[7] *Iqbal*, 556 U.S. at 678 (cleaned up).

[8] *Id.*

[9] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

[10] *Ramming v. United States*, 281 F.3d 158, 161–62 (5th Cir. 2001) (cleaned up).

3

### A. Vicarious Liability and Assault

An employer is only vicariously liable for its employee's tort when the employee acts within the scope of his employment.[11] "[I]f an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation."[12] Employers can be vicariously liable for intentional torts "when the act, although not specifically authorized by the employer, is closely connected with the servant's authorized duties."[13]

Tavakoli pleads that: "Upon information and belief, Wal-Mart authorizes its employees to physically remove from its stores customers who stay at the store past hours of operation."[14] Whether physically removing customers is included in Miller's scope of employment is the sort of quandary more appropriately handled at the motion for summary judgment stage. Therefore, the Court **DENIES** Walmart's motion for judgment on the pleadings as to this claim.

### B. Negligent Hiring, Supervision, Training, and Retention

The elements of a negligence cause of action are duty, breach of the duty, and damages proximately caused by the breach.[15] With respect to the negligent hiring and retention claims, employers have a duty to hire competent employees.[16] As the

---

[11] *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).

[12] *Id.*

[13] *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999).

[14] Doc. 29 at 15.

[15] *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).

[16] *Hernandez v. Ventura Sys LLC*, No. 3:23-CV-2244-D, 2024 WL 583500, at *4 (N.D. Tex. Feb. 13, 2024) (Fitzwater, J.).

Court previously summarized, a "plaintiff can plausibly allege claims for negligent hiring and retention by establishing that an employer breached that duty because the employer knew, or by the exercise of reasonable care should have known, that an employee was incompetent or unfit, thereby creating an unreasonable risk of harm to others."[17]  Here, Tavakoli pleads that Walmart negligently hired and retained Miller because it knew or should have known that Miller had "a history of abusive behavior toward customers and employees."[18]  Therefore, the Court **DENIES** the motion as to the negligent hiring and retention.

To plausibly plead a negligent training or supervision claim, "a plaintiff must plead sufficient facts for the court to draw the reasonable inference that a reasonably prudent employer would have provided training [or supervision] beyond that which was given, and that this failure to do so proximately caused [the plaintiff's] injuries."[19]  In the Court's previous opinion, the Court noted that "Tavakoli failed to plead sufficient facts regarding what training and supervision should have been provided but was not *and how that failure caused her injuries*."[20]

What is required is for the plaintiff to make a comparison between the training given and the training that reasonably should have been given.  The difference between those two should proximately cause the plaintiff's injury.  No such comparison was done here.  Instead, Tavakoli pleaded Walmart's purported training

---

[17] Doc. 27 at 6 (citing *id.* at *4, *6).

[18] Doc. 29 at 20.

[19] *Hernandez*, 2024 WL 583500, at *5 (cleaned up).

[20] Doc. 27 at 7 (emphasis added).

5

and supervision requirements, but did not plead any facts as to the training that should have been given. She merely, and repeatedly, stated that "[i]f Wal-Mart properly trains its employees" then Walmart's employees would not do things that purportedly violate its requirements.[21] That falls short of the pleading requirements and this claim cannot now proceed. Accordingly, the Court **GRANTS** the motion with respect to negligent training or supervision claims.

### C. Negligence

Tavakoli's original complaint brought separate claims for simple and gross negligence. However, the amended complaint only brings a claim for simple negligence. But while the claim is the same, the substance has changed. That is, now, Tavakoli bases her claim on some new duties, not previously discussed in her prior complaint. The elements of a negligence cause of action are duty, breach of the duty, and damages proximately caused by the breach.[22] Here, Tavakoli made the same mistake as in her original complaint—she did not plead what "a person of ordinary prudence in the same or similar circumstances would have done with regards to an invitee on the property."[23] Instead, in a conclusory way, she repeated the duties in the past tense to render them statements of what a person of ordinary prudence would have done. For instance, the duty to "Reprimand Employee for her verbal abuse against and unwanted physical contact with Plaintiff" became the action

---

[21] Doc. 29 at 5–7.

[22] *Lee Lewis Constr., Inc.*, 70 S.W.3d at 782.

[23] *Campbell v. Racetrac Petroleum, Inc.*, No. 3:21-CV-0516-B, 2021 WL 4552253, at *10 (N.D. Tex. Oct. 5, 2021) (Boyle, J.) (cleaned up).

of "Reprimanded Employee for her verbal abuse against unwanted physical contact with Plaintiff."[24]  What is the point of having that requirement if all one needs to do is change the verb tense of their duties as pled?  For whatever reason, Tavakoli did not heed the Court's prior admonition and, as a result, these claims cannot now survive.  Therefore, the Court **GRANTS** the motion as to this claim.

## IV.  Conclusion

For the foregoing reasons, the Court the Court **GRANTS IN PART AND DENIES IN PART** Walmart's motion for judgment on the pleadings and **DISMISSES WITH PREJUDICE** Tavakoli's negligent training and supervision and simple negligence claims against Walmart.

**IT IS SO ORDERED** this 3rd day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[24] Doc. 29 at 17–18.