UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIREEN TAVAKOLI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0195-X |
| | § | |
| WALMART STORES, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Labyron Alexander's motion for judgment on the pleadings. (Doc. 69). After reviewing the briefing and the relevant caselaw, the Court **GRANTS** Alexander's motion for judgment on the pleadings and **DISMISSES WITH PREJUDICE** Tavakoli's negligence claim against him.

## I. Factual Background

Shireen Tavakoli entered a Walmart superstore on March 15, 2023 at 10:52 PM. The store was set to close at 11:00 PM, but defendant and store manager Labyron Alexander let her in to shop as she needed to purchase diapers for her sick father. Once she approached the register, Defendant Misty Miller stopped Tavakoli, told her she could not purchase the diapers and to leave the store. Tavakoli told Miller that Alexander let her into the store to shop and noted that other shoppers were checking out at the same time Tavakoli was at the register.

1

According to the complaint, Miller called Tavakoli a "bitch" and "made unwanted physical contact" with Tavakoli.[1] Tavakoli then asked to speak with the manager. Then, instead of seeking the manager immediately, Miller pushed Tavakoli and once again called Tavakoli a "bitch" in front of the group of people. Alexander, the store manager, then informed Tavakoli that "her only option was to report the incident to Walmart's Ethics Department."[2] Tavakoli did so three times. When she eventually heard back from Walmart, they informed her that they did not have video of the incident.

The Court previously granted in part Walmart's prior motion for judgment on the pleadings and dismissed with prejudice Tavakoli's negligent training and supervision and negligence claims against Walmart.[3] Alexander now moves to dismiss the one claim against him, negligence.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5] "A motion for judgment on the pleadings under Rule 12(c) is subject to the

---

[1] Doc. 29 at 9.

[2] Doc. 29 at 12.

[3] Doc. 27.

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

same standard as a motion to dismiss under Rule 12(b)(6)."[6]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

For purposes of a motion to dismiss, courts must accept all well-pled facts as true and construe the complaint in the light most favorable to the plaintiff.[9]  "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[10]

## III. Analysis

Alexander moves for judgment on the pleadings as to Tavakoli's negligence claim against him.  The elements of a negligence cause of action are duty, breach of the duty, and damages proximately caused by the breach.[11]  Alexander argues that because the Court dismissed the negligence claim against Walmart—and it is identical to the negligence claim against him—the Court must dismiss the negligence

---

[6] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[7] *Iqbal*, 556 U.S. at 678 (cleaned up).

[8] *Id.*

[9] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

[10] *Ramming v. United States*, 281 F.3d 158, 161–62 (5th Cir. 2001) (cleaned up).

[11] *Lee Lewis Constr., Inc.*, 70 S.W.3d at 782.

claims against him with prejudice. Tavakoli responds that the negligence claim against Alexander is not identical because she pled "detailed factual allegations . . . that are directed specifically at Alexander's conduct and omissions."[12]

But Tavakoli's argument misunderstands the pleading deficiency the Court previously identified. Tavakoli does not plead what "a person of ordinary prudence in the same or similar circumstances would have done with regards to an invitee on the property."[13] It is insufficient to change the tense of a duty to sufficiently allege what a person of ordinary prudence would have done. That is why the Court dismissed the negligence claim against Walmart.[14] And for the same reason as before, Tavakoli's negligence claim cannot now survive against Alexander. Therefore, the Court **GRANTS** the motion.

## IV. Leave to Amend

Tavakoli's response, as an aside, requested the Court dismiss without prejudice, should the Court conclude that Alexander's motion should be granted.[15] The Court concludes that dismissal with prejudice is warranted.

It is well-established in this circuit that "a bare bones" request to amend is "futile when it 'fails to apprise the district court of the facts [the plaintiff] would plead

---

[12] Doc. 70 at 14.

[13] *Campbell v. Racetrac Petroleum, Inc.*, No. 3:21-CV-0516-B, 2021 WL 4552253, at *10 (N.D. Tex. Oct. 5, 2021) (Boyle, J.) (cleaned up).

[14] Doc. 58 at 6–7.

[15] *See* Doc. 70 at 15 ("[I]f the Court were to find any pleading deficiency, dismissal with prejudice would be inappropriate. Instead, dismissal, if any, should be without prejudice, with leave to amend freely granted as justice requires under F.R.C.P. 15(a)(2).").

in an amended complaint.'"[16] Further, the Court can deny leave to amend "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility."[17]

Here, Tavakoli's request for an additional opportunity to plead her negligence claim is denied for multiple reasons. As mentioned above, her bare bones request does not inform the Court how she would cure the pleading deficiency. Additionally, this case is scheduled for trial in six months and dispositive motions must be filed in two months. Thus, reopening the pleadings at this stage would cause prejudice to the defendants.

Lastly, and most importantly, Tavakoli was on notice that her negligence claim required pleading what "a person of ordinary prudence in the same or similar circumstances would have done with regards to an invitee on the property."[18] Tavakoli choose to bring one negligence claim against both Alexander and Walmart. The Court pointed out this deficiency in that claim from Walmart's motion, and Tavakoli failed to cure the Court's identified deficiency.[19] Although Rule 15(a) "evinces a bias in favor of granting leave to amend," the Court need not grant leave

---

[16] *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)) (cleaned up); *see also Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024).

[17] *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

[18] *Campbell v. Racetrac Petroleum, Inc.*, No. 3:21-CV-0516-B, 2021 WL 4552253, at *10 (N.D. Tex. Oct. 5, 2021) (Boyle, J.) (cleaned up).

[19] Notably, Tavakoli did not file a motion for leave to amend her complaint or include an attached amended complaint as required by this Court's local rules when seeking leave to amend a pleading. *See* Local Rule 15.1.

in this circumstance where the Court told Tavakoli the defect, she didn't cure it, can't explain how she would cure it, and has an upcoming trial date.[20]

## V. Conclusion

For the foregoing reasons, the Court the Court **GRANTS** Alexander's motion for judgment on the pleadings and **DISMISSES WITH PREJUDICE** Tavakoli's negligence claim against Alexander.

**IT IS SO ORDERED** this 21st day of October, 2025.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[20] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002).